UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
CARMEN HERNANDEZ,              :
        - Plaintiff            :
                               :
                               :
     v.                        : CIVIL NO. 3:08-CV-1080 (CFD)(TPS)
                               :
                               :
KENTUCKY FRIED CHICKEN,        :
        - Defendant.           :
```

**SETTLEMENT CONFERENCE MEMORANDUM AND RECOMMENDATION**

On September 16, 2009, the court held a one-hour settlement conference with the plaintiff, who appeared *pro se*, and counsel for the defendant, Kentucky Fried Chicken ("KFC"). Plaintiff filed her action on July 11, 2008, alleging violations of the Age Discrimination in Employment Act and Title VII of the Civil Rights Act. (Dkt. #3; Compl. ¶¶ 1-2.) Specifically, plaintiff claimed that defendant's employees sexually harassed her while she worked at KFC. Id. The defendant timely filed its Answer on December 9, 2008. (Dkt. # 9.) The parties filed their Rule 26(f) planning report on April 15, 2009. (Dkt. #23.)

Still pending before the court is defendant's motion to dismiss, which it filed on March 18, 2009. (Dkt. # 21.) Plaintiff's response to this motion was due on April 8, 2009. Id. Plaintiff did not respond to the motion before the April 8 deadline. Judge Droney thereafter ordered plaintiff to respond to

1

the motion by April 17, 2009, indicating that plaintiff's failure to do so would likely result in dismissal of the case.  (Dkt. # 22.)  Again, plaintiff failed to respond to defendant's motion.

On April 16, 2009, defendant renewed its motion to dismiss, citing plaintiff's failure to comply with the court's case management process.  (Dkt. # 24.)  Specifically, defendant alleged -- correctly -- that plaintiff failed to engage in a case planning conference with defense counsel and that plaintiff failed to prosecute her case with due diligence.  (Mot. at 1.)  Defendant further alleged -- again correctly -- that plaintiff filed a deficient case management report.  Id.  Lastly, defendant accurately indicated that plaintiff had refused to cooperate with defense counsel's numerous attempts to hold a case planning conference and to prepare a case planning report.  Id. at 1-2.  Once again, the plaintiff has failed to respond to defendant's motion to dismiss.  That motion is still pending before the court.

On July 22, 2009, defendant filed its third motion to dismiss, again citing plaintiff's failure to follow the court's rules and orders, as well as plaintiff's failure to diligently prosecute her case.  (Dkt. # 28.)  Defendant cited accurately numerous examples of how plaintiff failed to pursue her action promptly and efficiently.  (Mot. at 1-3.)  First, plaintiff failed to initiate a case planning conference, in contravention of the dictates of Federal Rule of Civil Procedure 26(f).  Second, plaintiff failed to

2

cooperate with defense counsel's efforts to hold a case planning conference and to prepare the required report. Third, after defendant moved to dismiss and the court issued a deadline for compliance with Rule 26(f), then and only then did plaintiff respond, and that response came in the form of an incomplete and outdated draft of a conference planning report. Fourth, plaintiff did not timely respond to defendant's interrogatories and neglected to request from the court an extension of time in which to do so. Fifth, plaintiff failed to communicate promptly with defense counsel prior to the scheduled settlement conference. In fact, plaintiff neither contacted defense counsel nor made any demands prior to the conference. Furthermore, plaintiff was unreachable by telephone, voicemail, or email. Defendant's third motion to dismiss is still pending before the court.

The parties initially appeared for a settlement conference on July 22, 2009. Plaintiff represented to the court that, although *she had retained counsel* shortly before the conference, the attorney could not attend on such short notice. Plaintiff further indicated that her attorney would contact the court to reschedule the settlement conference. On the basis of her representations, the court postponed the conference, which was eventually rescheduled for September 16, 2009. No attorney ever contacted the court on plaintiff's behalf.

On September 16, 2009, plaintiff again appeared at the

settlement conference *pro se*.  When asked why her attorney was absent for a second time, plaintiff responded that none of the five attorneys she solicited would accept her case.  Accordingly, the settlement conference proceeded between the plaintiff, *pro se*, and defendant's counsel.  This time, the court spared defendant the considerable expense of once again flying here from Florida.  It was wise to do so.

It quickly became apparent at the September 16 conference that plaintiff's claims had no merit.  In essence, plaintiff alleges that a co-worker repeatedly touched her hands and massaged her shoulder. She complained. The co-worker was promptly transferred. Plaintiff claims this touching was sexual rather than motherly.  No rational jury could conclude that this alleged touching was sexual. Plaintiff concedes that there was no other touching and no sexual propositioning or conversation.  Once this co-worker knocked a tray of food from plaintiff's hand as they worked in the confined kitchen where they worked together.  This is not claimed to be sexual.  The plaintiff also complains that her hours were reduced because a Pakistani employee was found able to better perform some of the tasks plaintiff has been performing.  There is absolutely no evidence of constructive discharge of the plaintiff.

To make matters worse, plaintiff makes an astronomical monetary demand of $500,000.  Though she cannot even begin to articulate how she arrives at this figure, she insists that this is

4

only fair.  She cannot explain why none of the several attorneys she has consulted has been willing to take her case.  When the court suggested that this was probably because each lawyer viewed her case as meritless, plaintiff was incredulous, replying that one lawyer had agreed to take her case for the payment of $1,000 per week.  This is telling.  Lawyers do not take losing cases on a contingency fee.  Her claim has zero jury appeal.  No reasonable jury will find the plaintiff convincing, taking into account her demeanor, her ability to express herself, and the simple economics of her case.  She was making approximately $8 per hour.

Cases like this tarnish the image of courts as fair and impartial protectors of people.  The defendant in this case has a right to be protected, too.  To permit this case to proceed in the present circumstances is unfair to the defendant and to individuals who may be called upon to serve as jurors.  To take citizens away from their daily affairs to serve as jurors in a case like this is insulting to them.  Based on the magistrate judge's experience, the likelihood of plaintiff's prevailing before a jury in this case is zero.  The court should not permit its process to be further abused by the plaintiff.  KFC deserves justice, too.

Although plaintiff appears *pro se* before the court, the manner in which she pursues her cause of action is inexcusably dilatory, sloppy, and unfair to her adversary.  See McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988) (". . .

5

[W]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including *pro ses*, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions."). Here, plaintiff has already unfairly inflicted approximately $25,000 in attorney's fees and costs on her adversary. An example of this unfairness is plaintiff's misrepresentation regarding counsel in securing a postponement of a settlement conference *only after* defendant's president had flown here from Florida to participate in the conference. No litigant should be permitted to engage in such behavior.

In view of plaintiff's repeated flouting of the court's orders; her refusal to cooperate with defense counsel's reasonable requests; and the manifest ridiculousness of her factual and legal claims, it is recommended that this case be **DISMISSED**. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. . . . [A] dismissal under this subdivision . . . operates as an adjudication on the merits."); see also Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298 (2d Cir. 2009) (upholding dismissal of a pro se litigant's action for noncompliance with Magistrate Judge's orders regarding discovery); Santamaria v. Todd Ins. Agency, 231 F.R.D. 246, 249 (E.D. Tex.

2005) (noting that involuntary dismissal of a case is entrusted to the discretion of the trial court).

The plaintiff is hereby advised that the magistrate judge is recommending that her case be dismissed with prejudice. The plaintiff is advised that unless she promptly objects to this recommendation, the district judge may dismiss her claims. Either party may timely seek review of this recommended ruling in accordance with Rule 72 (b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 72(b). Failure to do so may bar further review. 28 U.S.C. § 636(b)(1)(B); <u>Small v. Sec'y of Health and Human Servs.</u>, 892 F.2d 15, 16 (2d. Cir. 1989).

**Dated at Hartford, Connecticut this 23rd day of September, 2009.**

                                        **/s/ Thomas P. Smith**
                                        **Thomas P. Smith**
                                        **United States Magistrate Judge**